LEAR, Judge.
This is a slip and fall case. On May 17, 1966, at approximately 8:30 A.M., plaintiff, Mrs. Mary Lou Champagne, was shopping at the Winn-Dixie Store in Torrido Shopping Center at New Iberia, Louisiana. She alleges that as she was walking across a railroad spur track that runs through the shopping center, her foot caught on a raised portion of asphalt concrete causing her to trip and injure herself.
The trial court gave judgment for plaintiff. Defendant, Teche Realty & Investment Company, Inc., owner of the property, appeals suspensively. Defendants, Missouri Pacific Railroad Company and Southern Pacific Company, filed third party demands against Teche Realty & Investment Company, Inc., and its insurer on the basis that third party defendant had assumed all responsibility, by virtue of a contract, for the maintenance and repair of the spur track including the paving of the area adjoining the track. The third party demands also ask for $5,000.00 attorney’s fees for defending the suit; however, this was more or less abandoned in oral argument.
The trial court dismissed the third party demands and both third parties plaintiffs have appealed.
Mrs. Champagne, a 42-year-old seamstress, testified that she had been trading at the shopping center for several years. The morning of the accident was clear. Plaintiff had parked her car across the spur track and walked a short distance to the Winn-Dixie Store. After making a purchase, she was returning to her car and as she crossed the railroad track she stated that it felt as though “something had grabbed my right leg and threw me up.” She broke her left ankle in the fall. She stated that the asphalt damaged the toenail of the great toe on her right foot. Plaintiff also testified that she was looking down at the track when she crossed and that the area was clean and free of any rubbish. She estimated the asphalt to be some two inches higher than the rails, which offset was, according to Mrs. Champagne, noticeable from a standing position. She later testified that she went back and measured the height of the asphalt and found it to be two and one-half inches higher than the rail. Photographs marked P-1 and P-4, as well as certain other photographs, show the area where plaintiff tripped. She testified that she had her foot on the track and that her toe hit the “crack” or crevice which caused her to trip. She was wearing flat-soled sandals or “flats”- at the time which leave the toes exposed.
*116 Mrs. Champagne said that she knew she was crossing a railroad track and knew that there were some rough places along the track. Her testimony in court differed somewhat concerning portions of her earlier testimony which was taken by deposition.
The trial court concluded inter alia from the evidence that defendant, Teche Realty & Investment Company, Inc., had the responsibility of maintaining in proper repair the paving between and on each side of the tracks; that the paving was not kept in proper repair; that plaintiff was injured because a small portion of the asphalt pavement had become higher than it had been originally. The court properly concluded that Mrs. Champagne was an invitee, and that under the law and jurisprudence of this state the duty owed to an invitee is reasonable and ordinary care.
The court then concluded that the raised asphalt constituted a trap. The court awarded to the plaintiffs, Mr. and Mrs. Champagne, a total of $7,387.38, which judgment was against the defendant, Teche Realty & Investment Company, Inc.
We are of the opinion that the learned trial judge has erred.
An invitee assumes ordinary and obvious risks. The occupier of premises does not guarantee the safety of an invitee. The railroad track, as well as the asphalt area around it, was not concealed from the plaintiff. Her testimony was clear that she knew she was crossing a railroad track and that the raised asphalt was obvious to her from a standing position. The photographs filed in evidence showing the area where the accident happened bear out this testimony. The area cannot be considered a trap or an unsafe condition for pedestrians who use ordinary care. However, should the court conclude that an unsafe condition existed, the evidence shows that the condition is obvious to a reasonably alert, observant person and is not a “trap”. If we say that the raised asphalt constituted a hazard, it is still one that the plaintiff admits that she did observe and under our jurisprudence should have avoided. The photographs filed in evidence clearly point out that this was not a hazard in the nature of a trap which would not alert the eye of a pedestrian using ordinary care. From the plaintiff’s own testimony we must therefore conclude that the plaintiff observed the very condition she alleges to have caused her injury, and in the opinion of this court was negligent in failing to exercise a greater degree of care in crossing the railroad track.
For the reasons above assigned, the judgment of the trial court is reversed and judgment is rendered herein in favor of the defendants and against the plaintiffs, dismissing plaintiffs’ suit; plaintiffs to pay all costs.
Reversed and rendered.
On Application for Rehearing.
En Banc. Rehearing denied.